Hon. Karen A. Overstreet
Chapter: 11

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>DESIGN PERFECT INC,<br><br>Debtor. | NO. 14-13851-KAO<br><br>TRUSTEE'S MOTION TO SELL INTANGIBLE ESTATE PROPERTY |

## I. RELIEF REQUESTED

Miles R. Stover (the "**Trustee**"), the Court appointed chapter 11 trustee in the above-captioned matter, hereby requests that the Court enter an order authorizing the Trustee to sell certain estate property (defined below as "**Intangible Assets**") for the sum of $5,000 plus applicable taxes. The Trustee also requests that the 14-day stay imposed by Fed. R. Bankr. P. Rule 6004(h) be waived. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334; venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein are found in 11 U.S.C. §§ 105(a), 363, and 365(a); and Fed. R. Bankr. P. Rules 6004 and 6006.

//

TRUSTEE'S MOTION TO SELL INTANGIBLE ESTATE PROPERTY - 1

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

## II. BACKGROUND

This bankruptcy case was commenced on May 19, 2014 with an voluntary Chapter 11 petition filed by Design Perfect, Inc. (the "**Debtor**" or "**Company**"). The Trustee was appointed on September 15, 2014.

After determining that the Debtor's operations could not sustain a creditor repayment plan, the Trustee closed down the Debtor and started the process of winding down the same. The Trustee has worked to maximize the reduction of the Debtor's expenses and generate proceeds from its assets for distribution to creditors. The Trustee has sold substantially all Debtor property either through auction or private sale. Further, the Trustee has rejected the Debtor's leases and returned keys to the landlord.

The Trustee and Mark and Daina Carter (the "**Carters**") have executed a purchase and sale agreement ("**PSA**"), subject to the order of this Court, for the sale to the Carters of the following estate property (the "**Intangible Assets**"):

- Customer lists and supplier information;
- Ownership and/or the right to use the telephone number, trademarks, trade names, website content, email accounts, social media accounts, photographs, and fax numbers used by the Company;
- The trade names "Design Perfect Catering," "Design Perfect Home Staging" and "Design Perfect," and any trademarks associate therewith; and
- Any and all Goodwill of the Company.

The Trustee believes that sale to the Carters represents the highest and best offer he will receive for these estate assets. The Intangible Assets have an extremely limited value in the open market given the association of the name with the current bankruptcy action—the Carters, however, have opened new catering and home staging businesses and they believe access to the Intangible Assets will assist them in running those businesses. Further, because the Trustee closed the Company, sold substantially all Debtor assets, and rejected the leases housing the

TRUSTEE'S MOTION TO SELL INTANGIBLE ESTATE PROPERTY - 2

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{02731483.DOCX;1}

Case 14-13851-KAO    Doc 149    Filed 12/31/14    Ent. 12/31/14 13:40:23    Pg. 2 of 5

Company, the estate has no further use for the Intangible Assets.

The Trustee has sold similar assets for the same price in other bankruptcies and thus believes, the price is reasonable and fair. Given that the Intangible Assets hold limited value (if any) in the marketplace, the Trustee, in his business judgment, believes sale to the Carters of the Intangible Assets for $5,000 plus applicable taxes is the highest and best offer he will receive for these assets.

### III. STATEMENT OF ISSUES

The issue before the Court whether the Court should authorize the Trustee to sell the Intangible Assets free and clear of liens.

### IV. EVIDENCE RELIED UPON

This motion relies upon the entire record before the Court, including the Declarations of Miles Stover and Jennifer K. Faubion, which are submitted concurrently with this motion.

### V. ARGUMENT AND AUTHORITY

**A.  The Trustee should be authorized to sell the Intangible Assets free and clear of liens.**

A trustee is authorized to, "after notice and a hearing, . . . sell, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). "A bankruptcy court can authorize the sale of . . . assets of the estate under § 363(b) upon a proper showing that the sale is in the best interests of the estate, that there is a sound business purpose for the sale, and that it was proposed in good faith." *In re Kellogg-Taxe*, No. 2:12-bk-51208-RN, 2014 WL 1016045 at *4 (Bankr. C.D. Cal. March 17, 2014) (citing *In re 240 N. Brand Partners, Ltd.*, 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996)).

Here, the sale of the Intangible Assets is in the best interests of the estate: The Trustee needs to generate proceeds from its assets for distribution to creditors. The Trustee's proposed sale of the Intangible Assets represents the highest, best, and only formal offer received by the Trustee. In short, the sale of the Intangible Assets for $5,000, plus applicable taxes, is in the best interests of the estate. It is unlikely that the Trustee to get a greater price for the Intangible Assets

TRUSTEE'S MOTION TO SELL INTANGIBLE ESTATE PROPERTY - 3

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{02731483.DOCX;1}

Case 14-13851-KAO    Doc 149    Filed 12/31/14    Ent. 12/31/14 13:40:23    Pg. 3 of 5

at auction or otherwise; a greater price is highly unlikely due to the association of the Intangible Assets with this bankruptcy action. There is a sound business purpose for the sale, the sale is proposed in good faith, and the Court should approve it.

The Court should further approve the sale of the Intangible Assets free and clear of all liens and interests. A Trustee is authorized to sell property of the estate free and clear of any interest if: (1) applicable nonbankruptcy law permits sale of such property free and clear; (2) the entity holding the interest consents; (3) the interest is a lien and the price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is in bona fide dispute; or (5) the entity could be compelled, in a legal or equitable proceeding, to accept money satisfaction of its interest. 11 U.S.C. § 363(f).

Here, the only non-estate entity with an interest in the Intangible Assets is First Citizens Bank ("**First Citizens**"), which has a blanket lien on all of the Debtor's assets. First Citizens has consented to the sale of all of the Intangible Assets free and clear of its lien, and therefore the Court may authorize the sale of the Intangible Assets free and clear of liens pursuant to 11 U.S.C. § 363(f)(2).

**B.  No Stay of Sale Approval Order.**

A court may decline to stay an order approving a sale. Fed. R. Bank. P. 6004(h). In light of the fact that First Citizens has consented to the sale of the Intangible Assets, no party would be harmed by a decline of the stay of an order approving this sale. Further, the sooner the Trustee is able to close the sale, the sooner the estate will benefit the income from the sale. Accordingly, good cause exists for entry of and order eliminating the fourteen-day stay period of the Rule.

## VI.  CONCLUSION

For the reasons set forth herein, the Trustee respectfully requests an order authorizing the Trustee to sell the Intangible Assets free and clear of liens, with all proceeds being held by the Trustee pending further order of this Court. The Trustee further requests that the Court waive the 14-day stay imposed by Fed. R. Bankr. P. 6004(h). A proposed form of order granting the relief

TRUSTEE'S MOTION TO SELL INTANGIBLE ESTATE PROPERTY - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{02731483.DOCX;1}
Case 14-13851-KAO    Doc 149    Filed 12/31/14    Ent. 12/31/14 13:40:23    Pg. 4 of 5

1. requested is submitted concurrently herewith.

DATED this 31st day of December, 2014.

CAIRNCROSS & HEMPELMANN, P.S.

/s/ Jennifer K. Faubion
John R. Rizzardi WSBA No. 9388
E-mail: jrizzardi@cairncross.com
Jennifer Faubion WSBA No. 39880
E-mail: jfaubion@cairncross.com
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Attorneys for Trustee Miles R. Stover

TRUSTEE'S MOTION TO SELL INTANGIBLE ESTATE PROPERTY - 5

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

{02731483.DOCX;1}

Case 14-13851-KAO    Doc 149    Filed 12/31/14    Ent. 12/31/14 13:40:23    Pg. 5 of 5